This was an indictment under the section of the Revised Statutes concerning fornication and adultery, to which the defendants pleaded not guilty. On the trial the State examined a witness by the name of Willis, who testified that on the morning preceding the last Easter he, in company with another individual, went to the house of the defendant Poteet, at a very early hour, between day break and sunrise, and knocked at the door of the room in which this defendant was in bed, and, on knocking, he heard the voice of the defendant Martha Hooper refusing admission, but the defendant Poteet told her to open the door and let the witness in. She accordingly opened the door, and the witness entered the room and found Poteet in bed, the bed very much tumbled; the defendant Martha had on her frock, but it was not fastened, and her shoes were also off and were lying in the corner near the head of the bed. This witness further testified on cross-examination that there were (24) two other rooms, adjoining the room in which he saw the defendants, the doors of which were closed, and he could not see whether there was a bed in either of the rooms or not. He was asked if the defendant Martha lived with Poteet, and he replied that he had seen her there several times, when passing, but could not say whether she lived there or not. Another witness for the State testified substantially to the same facts, except that in regard to the shoes of the defendant Hooper, as to which he stated that they were lying in the corner when he and the first witness went into the room, but said nothing about their being near the bed. A third witness testified that the defendant *Page 28 
Martha had lived in the house with the defendant Poteet for four or five years, and that she had been married, but her husband was dead.
The defendant's counsel insisted that there was no evidence to be left to the jury tending to show the guilt of the defendants, and asked the court so to charge.
The court declined giving the instruction asked for, but charged the jury that, before they could convict, they should be satisfied from the evidence that there was an habitual criminal intercourse between the parties, or a surrender of the person of the one to the gratification of the other. The jury returned a verdict of guilty, and from the judgment pronounced thereon by the court the defendants appealed.
There was no express evidence to prove that the defendants "bedded and cohabited together." But, in the absence of express and positive testimony, the law authorized the conviction of the defendants on presumptive evidence, if it was so strong as to leave no reasonable doubt on the minds of the jury that they were guilty. The Court is of opinion that (25) the facts and circumstances proved on behalf of the State all tended to support the charge in the indictment, that the defendants did bed and cohabit together, and that the judge could not have said that there was no presumptive evidence to support the indictment. The weight of the evidence was left to the jury; they convicted the defendants, and the court rendered judgment, which we affirm.
PER CURIAM. Ordered to be certified accordingly.
Cited: S. v. Eliason, 91 N.C. 566; S. v. Dixon, 104 N.C. 707; S. v.Austin, 108 N.C. 784; S. v. Chancy, 110 N.C. 509; S. v. Varner,115 N.C. 745; S. v. Dukes, 119 N.C. 783. *Page 29